IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN LEE WILSON,

     Plaintiff,                 No. CIV S-04-0478 GEB GGH P

   vs.

SCOTT KERNAN, et al.,

     Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant Bueno violated the Eighth Amendment by placing plaintiff in an exercise yard for a nearly all-day period (7 hours) in the hot sun, and by failing to remove plaintiff from the exercise yard after he complained of heat-related medical problems.

      Pending before the court is defendant Bueno's summary judgment motion filed October 7, 2005. Also pending is plaintiff's motion for a preliminary injunction filed October 5, 2005. After carefully reviewing the record, the court recommends that defendant's summary judgment motion be denied but that defendant be granted summary judgment sua sponte on an

\\\\\

1

alternative ground raised by the court. The court also recommends that plaintiff's motion for a preliminary injunction be denied.

II. Motion for Summary Judgment

    A. Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party
> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322, 106 S. Ct. at 2552. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323, 106 S. Ct. at 2553.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356

1  (1986). In attempting to establish the existence of this factual dispute, the opposing party may
2  not rely upon the allegations or denials of its pleadings but is required to tender evidence of
3  specific facts in the form of affidavits, and/or admissible discovery material, in support of its
4  contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11,
5  106 S. Ct. at 1356 n. 11. The opposing party must demonstrate that the fact in contention is
6  material, i.e., a fact that might affect the outcome of the suit under the governing law, see
7  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); T.W. Elec.
8  Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the
9  dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the
10 nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

11        In the endeavor to establish the existence of a factual dispute, the opposing party
12 need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
13 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
14 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
15 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
16 genuine need for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (quoting Fed. R. Civ. P.
17 56(e) advisory committee's note on 1963 amendments).

18        In resolving the summary judgment motion, the court examines the pleadings,
19 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
20 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
21 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
22 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587, 106 S. Ct.
23 at 1356. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's
24 obligation to produce a factual predicate from which the inference may be drawn. See Richards
25 v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
26 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than

simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, 106 S. Ct. at 1356 (citation omitted).

On September 15, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988).

B. Discussion

*Factual Background*

Plaintiff's opposition to defendant's motion, filed November 16, 2005, consists of approximately two pages of argument. No evidence is attached to the opposition. Because plaintiff's opposition is not verified, the court may not consider it in evaluating defendant's motion. Fed. R. Civ. P. 56(e). However, because plaintiff's complaint filed March 9, 2004, is verified, the court may treat it as an opposing affidavit. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curiam).

The following facts are undisputed. At approximately 9:30 a.m. on August 24, 2003, the inmates housed in the A Facility Gym at Mule Creek State Prison (MCSP) were moved to the exercise yard so that the gym could be searched. The inmates remained on the exercise yard until approximately 4 p.m. At approximately 8:30 p.m. on that date, plaintiff arrived at the emergency room.

The parties dispute whether plaintiff had contact with defendant Bueno on August 24, 2003, while he was on the exercise yard. In his verified complaint, plaintiff alleges that he repeatedly asked staff including defendant Bueno to let them go back inside because of the heat. In her summary judgment motion, defendant Bueno claims that she had no contact with any of the inmates during that day.

\\\\\

While the parties dispute the highest temperature that was actually reached on the exercise yard on August 24, 2003, it is undisputed that it was hot that day.  In the complaint, plaintiff alleges that the temperature reached over 100 degrees, although he offers no basis for this opinion.  Attached as an exhibit to defendant's motion is an outside temperature record taken on August 24, 2003, at Mule Creek State Prison.  According to this record, the temperature at 9:00 a.m. was 75 degrees; at 10:00 a.m. the temperature was 81 degrees; at 11:00 a.m. the temperature was 86 degrees; at 12:00 p.m. the temperature was 88 degrees; at 1:00 p.m. the temperature was 93 degrees; at 2:00 p.m. the temperature was 94 degrees; at 3:00 p.m. the temperature was 96 degrees; at 4:00 p.m. the temperature was 96 degrees.

Plaintiff's heat related symptoms are somewhat disputed by the parties.  In his verified complaint, plaintiff contends that he collapsed and had to be taken to the emergency room where shots, pills and an IV were administered for heat exposure.

In his declaration attached to defendant's motion, Dr. Galloway states that plaintiff "presented" to the Treatment and Triage Area (TTA) with nausea and cramps but did not appear in severe distress.  Defendant's Summary Judgment Motion, Galloway declaration, ¶ 4. According to Dr. Galloway, plaintiff reported seven hours of exposure in the hot sun and stated that he had drank one and one half gallons of water that day.  Id.  It was also documented that there were no significant clinical signs of dehydration in that plaintiff's blood pressure and pulse were normal, as were his skin turger and the moisture of mucous membranes.  Id.  Dr. Galloway states that under the circumstances, and review from plaintiff's medical chart, the treatment plaintiff was given in the form of IV fluids and medications for nausea did not harm plaintiff.  Id. Dr. Galloway states that these treatments apparently made plaintiff feel better but there is no reason to believe that they were necessary for his recovery.  Id.

*Legal Standard for Eighth Amendment Medical Claim*

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

5

deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Indications that a prisoner has a serious need for medical treatment are the following: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient. Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient. Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at 1981.

It is nothing less than recklessness in the criminal sense––a subjective standard––disregard of a risk of harm of which the actor is actually aware. Id. at 838-842, 114 S. Ct. at 1979-1981. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837,

6

114 S. Ct. at 1979.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847, 114 S. Ct. at 1984.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation.  Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights.  Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case.  Id.

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985).  Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm.  McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000.  A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry.  McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992).  In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

\\\\

Superimposed on these Eighth Amendment standards is the fact that in cases involving complex medical issues where plaintiff contests the type of treatment he received, expert opinion will almost always be necessary to establish the necessary level of deliberate indifference. <u>Hutchinson v. United States</u>, 838 F.2d 390 (9th Cir. 1988). Thus, although there may be subsidiary issues of fact in dispute, unless plaintiff can provide expert evidence that the treatment he received equated with deliberate indifference thereby creating a material issue of fact, summary judgment should be entered for defendants. The dispositive question on this summary judgment motion is ultimately <u>not</u> what was the most appropriate course of treatment for plaintiff, but whether the failure to timely give a certain type of treatment was, in essence, criminally reckless.

*Analysis*

Defendant moves for summary judgment on two grounds. First, defendant argues that plaintiff did not have a serious medical need caused by heat exposure. In his verified complaint, plaintiff alleges that he collapsed from heat exposure. It is undisputed that plaintiff was then treated with IV fluids and other medications. Based on these circumstances, the court would find that whether plaintiff had a serious medical need is a materially disputed fact. Defendant is not entitled to summary judgment on this ground.

Defendant next argues that she is entitled to summary judgment because she had no contact with plaintiff while he was on the exercise yard. In his verified complaint, plaintiff alleges that he spoke with defendant Bueno while he was on the exercise yard. Therefore, whether defendant Bueno had contact with plaintiff during the relevant time period is a materially disputed fact.

The court finds that defendant Bueno is entitled to summary judgment on an alternative ground not raised in defendant's motion. In particular, the court finds that plaintiff has presented no evidence that defendant Bueno acted with deliberate indifference to his medical needs. Although this argument was not raised in defendant's motion, the court may grant

summary judgment sua sponte if the losing party has had a "full and fair opportunity to ventilate the issues involved in the matter." Cool Fuel, Inc. v. Connett, 685 F.2d 309, 312 (9th Cir. 1982). Because plaintiff has had an adequate opportunity to address the issue of defendant Bueno's mental state, i.e., whether she acted with deliberate indifference, the court may grant summary judgment sua sponte on this ground.

In order to demonstrate that defendant acted with deliberate indifference, plaintiff must provide the court with evidence demonstrating that defendant Bueno knew that plaintiff was suffering from a serious medical problem related to heat exposure. The only evidence submitted by plaintiff in this action is his verified complaint where he alleges that he repeatedly asked staff, including defendant Bueno, to be allowed to go inside because the heat was making him ill.

Plaintiff does not specifically describe when he told defendant Bueno he was ill nor on how many occasions. Nor does plaintiff describe what he told defendant Bueno regarding how the heat was affecting him. Without this information, the court cannot determine whether Beuno acted with deliberate indifference. For example, if plaintiff approached defendant Bueno at 10:00 a.m. and asked to go inside because he was hot, without describing any medical symptoms, the court would not find that defendant acted with deliberate indifference.[1] On the other hand, if plaintiff approached defendant Bueno later in the day when it became hotter and

---

[1] Liberally construed, plaintiff's complaint may be asserting that exposure to the sun per se on a hot day violated the Eighth Amendment. However, the court will not find that our society has degenerated from a physical standpoint to the point where exposure to the sun on a hot day for a lengthy period without more violates the Eighth Amendment. There are simply too many examples in our non-incarcerated society where persons toil in the sun all day on a regular basis. For example, workers on farms, military personnel, construction employees, golfers, surfers all have exposure to the sun for a day long period, and no one claims that these persons are mistreated simply because of the fact of sun exposure. The court will not find so for incarcerated prisoners either. This does not mean that prisoners exposed to the sun may never have an Eighth Amendment claim. Those persons who are very sensitive to sun exposure, or those persons who are not permitted to shield their body in any way from lengthy direct exposure may have such a claim. See e.g., Hope v. Pelzer, 536 U.S. 730, 738, 122 S. Ct. 2514-15 ( 2002) (being restrained to a hitching post in the hot sun without adequate hydration or bathroom facilities may violate the Eighth Amendment). The court has analyzed above plaintiff's medical claim in this respect.

1 told her that he felt faint, the court would be more likely to find deliberate indifference.  Because
2 plaintiff has presented no evidence demonstrating that defendant Bueno acted with deliberate
3 indifference, the court recommends that she be granted summary judgment.

       Finally, the court observes that in his verified complaint, plaintiff alleges that inmate Hickman died as a result of heat exposure on August 24, 2003.  Defendant does not dispute this factual assertion.  The death of another inmate from heat exposure on that date does not demonstrate deliberate indifference by defendant Bueno to plaintiff.

III. Motion for Injunctive Relief

       In his October 5, 2005, motion for injunctive relief, plaintiff requests that defendant be ordered not to retaliate against him.  Because the court recommends that defendant's summary judgment motion be granted, the motion for injunctive relief should be denied.

       Accordingly, IT IS HEREBY RECOMMENDED that:

       1. Plaintiff's October 5, 2005, motion for injunctive relief be denied;

       2. Defendant's October 7, 2005, summary judgment motion be denied;

       3. Defendant be granted summary judgment sua sponte on the grounds raised by the court discussed in these findings and recommendations.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

\\\\\
\\\\\
\\\\\

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:   1/10/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wil478.57